IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON CARSON | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:18-cv-3782 |
| | ) | |
| vs. | ) | |
| | ) | |
| INTERSTATE WAREHOUSING, INC. | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Plaintiff, Jason Carson, by counsel and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jason Carson, is a resident of Johnson County in the State of Indiana and a former employee of Defendant.

2. Defendant, Interstate Warehousing, INC., (hereinafter referred to as "Interstate"), is an employer as defined by 42 U.S.C. §12101 *et. seq.* and 29 U.S.C. § 2612 *et. seq.* and conducts business in the State of Indiana.

3. Mr. Carson invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5. Plaintiff, a disabled employee, was hired by the Defendant as a General Warehouseman in 2016.

6. Sometime in or around April 2017, Plaintiff was diagnosed with COPD, a disability that affects his ability to breath and limit his major life activities.

7. At all relevant times, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

8. Plaintiff notified Defendant of his doctor 's recommendation that he not work in the freezer.

9. The Defendant agreed to accommodate Mr. Carson, but then continued to make him work in the freezer.

10. On or about September 2017, Plaintiff's physician placed him on restrictions that required him to stay out of the freezer and to refrain from lifting materials weighing more than twenty-five (25) pounds.

11. Defendant agreed to honor Plaintiff's restrictions for a reasonably accommodation, and again reneged on its agreement to accommodate.

12. Defendant's failure to accommodate Plaintiff's restrictions caused Plaintiff to exhaust his Family Medical Leave, and also forced him to work harder than his other coworkers to meet Defendant's rate.

13. On or about April 9, 2018, the Defendant terminated Plaintiff's employment for alleged absenteeism when Plaintiff missed two (2) weeks of work for an unknown condition.

14. At the time of his termination, Plaintiff was not in violation of Defendant's attendance policy and was entitled to short-term disability.

15. On or around July 17, 2018, Plaintiff filed a charge of discrimination with the Equal Opportunity Commission wherein he alleged discrimination under the American's with Disabilities Act of 1990 42 U.S.C. § 12101 (ADA) (Charge Number 470-2018-03536).

16.  The Equal Employment Opportunity Commission issued Plaintiff a Right-to-Sue letter on September 17, 2018.

## COUNT I

17.  Plaintiff incorporates by reference paragraphs one through sixteen (16) of his complaint for damages as fully set forth herein.

18.  Plaintiff suffers from a disability and/or perceived disability as defined by the Americans with Disabilities Act, specifically he suffers from COPD.

19.  The Defendant was aware Plaintiff's disability and/or perceived disability and refused to provide reasonable accommodation to the Plaintiff when Defendant terminated his employment.

20. Plaintiff was at all relevant times able to perform the essential functions of his job, with or without reasonable accommodation.

21. The Defendant was motivated by Plaintiff's disability and/or perceived disability when it terminated his employment.

22.  Non-disabled employees outside Plaintiff's protected class were treated more favorably than Plaintiff.

23. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

## COUNT II

24.  Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of his complaint for damages as fully set forth herein.

25.  During his employment with Defendant, Plaintiff was qualified for and approved for Family Medical Leave related to his COPD.

26.  Defendant was aware of Plaintiff's medical condition.

27. Plaintiff suffered an adverse employment action when Defendant terminated his employment because of his need for Family Leave and/or future need for Family Medical Leave.

28. Plaintiff was treated less favorably than employees without medical conditions who were less likely to utilize Family Medical Leave.

29. Defendant's termination of Plaintiff was done with malice and wanton disregard for Plaintiff's rights under Family Medical Leave Act.

30. As a result, Plaintiff sustained damages including, but not limited to, lost pay and benefits, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.


Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41


HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, Indiana 46142
(317) 885-0041
(888) 308-6503 Fax